# Prater v. The State.

### *Indictment for Arson.*

1 *Motion for change of venue and to quash venire predicated on objections to jury commissioner.*—On a trial for arson, the fact that the owner of the burned building was one of the jury commissioners, whose duty it was to draw the grand and petit jurors, is not ground

[Prater v. The State.]

for change of venue or quashing the veniré, in the absence of a showing that he actually participated in drawing either the grand or petit jurors, or that he did so participate with special reference to the defendant's prosecution.

2. *Court may excuse juror, drawn for a trial, who at that time is sitting as juror in another case.*—Where on the trial of a defendant for arson, the name of a juror is drawn who, at the time, is a member of a jury then engaged in deliberating upon a capital case, on which they had retired to the jury room, it is not error for the court to refuse defendant's request to have such juror called into court.

3. *Arson; evidence as to motive.*—On a trial for arson, evidence that the owner of the burned building was active in disbanding "white-cap" parties, who had been posting threatening notices on gin houses, and that defendant knew that he suspected defendant of being connected with them, and that defendant had stated that, in view of his hostility to such "white caps," defendant would burn his house, was admissible on the question of motive.

4. *Testimony as to good character.*—One witness may testify to the good character of another in the neighborhood in which both have lived, though at the time of the trial they lived in different neighborhoods, and he does not know what his character is in the neighborhood of his present residence.

5. *Charge of court as to burden of proving alibi.*—A charge to the jury that "when the defendant attempts to prove an *alibi* the burden of proof is upon him to prove it successfully," is free from error.

6. *Charge of court as to reasonable doubt.*—A charge to the jury that "If after considering all the evidence you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt, and it is your duty to convict the defendant;" is free from error.

7. *Same.*—A charge to the jury "that, in considering this case, you are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely imaginary or conjectural. A doubt, to justify an acquittal, must be reasonable, and it must arise from a candid and impartial investigation of all the evidence in the case; and unless it is such that, were the same kind of doubts interposed in the graver transactions of life, it would cause a reasonable and prudent man to hesitate and pause, it is insufficient to authorize a verdict of not guilty. If, after considering all the evidence, you can say that you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt," is free from error.

8. *Same*—A charge to the jury that "If you believe from all the evidence, beyond a reasonable doubt, that the defendant is guilty, though you also believe it possible that he is not guilty, you must convict him," is free from error.

9. *Same.*—A charge to the jury, "that the doubt must be actual and substantial, not mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt," is free from error.

[Prater v. The State.]

10. *Charge as to credibility of witness.*—A charge that "If you are satisfied, from all the evidence, that Ephraim Prewitt has testified falsely as to any material fact, then you can, in your discretion, disregard his whole testimony," is properly refused, as the witness may not have wilfully testified falsely to any material fact.

11. *Same.*—A charge to the jury that "if the evidence convinces you that Ephraim Prewitt is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether," is free from error and should have been given.

12. *Charge of court singling out and giving undue prominence to a particular fact.*—A charge to the jury that "you must take into consideration the fact, if it be a fact, that the State has failed to prove that the defendant was at the place of burning. That is a circumstance which you must look to in arriving at your verdict in this cause," is properly refused.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

The appellant was indicted, tried and convicted of arson, and sentenced to imprisonment in the penitentiary for ten years. The defendant moved the court for a change of *venue*, the grounds of which are stated in the opinion. The State demurred to this motion, on the ground that the facts set out in the application were not sufficient to authorize a change of *venue*. This demurrer was sustained, and the defendant duly excepted. The defendant moved to quash the *venire*, on the same ground, and duly excepted to the court's overruling his motion. The bill of exceptions recites : "During the empanelling of the jury in this cause, the name of T. S. Craig was taken out of the hat from which the names of the jurors was being drawn, and the said juror, T. S. Craig, being in the jury room on a jury of a capital case, said capital case having been the day before, submitted to the jury, the name of said juror having been served upon the defendant and said juror having been legally summoned as shown by the return of the sheriff of said Lawrence county ; the court refused to have the said juror, T. S. Craig, called and brought into court, and thereupon the defendant duly excepted to the ruling of the court. Before the jury in this case was completed, the jury of which said Craig was a member came into the court room, and the name of said Craig was again placed in the hat and drawn, and he was thereupon accepted, both by the State and defendant and was one of the jurors

who sat upon the trial of defendant in this case." The rulings of the court upon the evidence are sufficiently shown in the opinion.

There was evidence introduced on the part of the State tending to show that the defendant had set fire to the dwelling-house of Howard Irwin, as charged in the indictment. The State introduced as a witness one Ephraim Prewitt, who testified, among other things, that the defendant and others had planned to burn the house of Howard Irwin, and that after the house was burned, the defendant told him, Ephraim Prewitt, that he had set fire to the house.

The defendant introduced evidence tending to prove an *alibi*. He, himself, testified that he knew nothing about the burning of Irwin's house, and was not at the house on the night when it was burned. The defendant introduced evidence tending to impeach the testimony of the witness Ephraim Prewitt, and also introduced witnesses who testified that they knew the general reputation of the witness Ephraim Prewitt for truth and veracity in the community in which he lived, and that from such reputation they would not believe him on oath, and that his character was bad.

Upon the introduction of all the evidence, the court, at the request of the State, gave to the jury the following written charges : (1.) "I charge you, gentlemen of th jury, that when a defendant attempts to prove an *alib* the burden of proof is upon him to prove it successfully." (2.) "I charge you, gentlemen of the jury, that if, after considering all the evidence, you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt; and it is your duty to convict defendant." (3.) "I charge you, gentlemen of the jury, as a matter of law, that in considering this case you are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely imaginary, or conjectural. A doubt to justify an acquittal must be reasonable, and it must arise from a candid and impartial investigation of all the evidence in the case, and unless it is such that were the same kind of doubts interposed in the graver transactions of life, it would cause a reasonable and prudent man to hesitate and pause, it is insufficient to authorize a verdict of not guilty. If, after considering all the evidence, you can say that you have

[Prater v. The State.]

a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt." (4.) "I charge you, gentlemen of the jury, if you believe from all the evidence, beyond a reasonable doubt, that the defendant is guilty, though you also believe it possible that he is not guilty, you must convict him." (5.) "I charge you, gentlemen of the jury, that the doubt must be actual and substantial, not mere possible doubt. Because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges which were requested by him : (1.) "The confession should be taken as a whole. The time and circumstances of its making, its harmony or inconsistency with other evidence, and the motive which may have operated on the party in making it, should all be considered by the jury. Before confession is received as evidence, it must be shown that it was made voluntarily—a confession obtained by flattery of hope, or the torture of fear, is not admissible." (2.) "I charge you, gentlemen of the jury, that the law is that any act, declaration, admissions or confessions received as evidence you should take and consider in connection with the circumstances under which it was done or made. If in view of all the circumstances, you are not satisfied that the confessions were made freely, voluntarily and intelligently, if you believe that they originated from fear of present peril, or hopes of personal benefit, excited by others, supposed—fairly and reasonably supposed—to have the authority to assume the benefit, or to avert the danger, you should reject them as wanting in credibility, or as not entitled to weight in passing upon the question of the guilt or innocence of the one alleged to have made them." (3.) "Gentlemen of the jury, if you are satisfied from all the evidence that Ephraim Prewitt has testified falsely as to any material fact, then you can, in your discretion, disregard his whole testimony." (4.) "Gentlemen of the jury, if the evidence convinces you that Ephraim Prewitt is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether." (5.) "Gentlemen, you must take into consideration the fact, if it be a fact, that the State has failed to prove that the

defendant was at the place of burning. That is a circumstance which you must look to in arriving at your verdict in this cause."

JAMES I. ABERCROMBIE, for the appellant.

WM. C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The appellant was convicted under an indictment charging him with burning the dwelling-house of Howard Irwin, in which there was at the time a human being. The defendant moved for a change of venue and also to quash the special venire for his trial, on the ground that said Irwin was one of the jury commissioners of Lawrence county, and as such charged with the duty of drawing grand and petit jurors, &c. Leaving other considerations out of view, it will suffice to say, in sustaining the trial court's action in overruling these motions, that it does not appear from the averments of either of said motions that Irwin exercised his powers and discharged his duties as a member of the jury commission with any reference whatever to this prosecution of the defendant, nor indeed is it averred as matter of fact that he even participated with the other members of the board in filling the jury box from which the grand jurors who returned this indictment and the petit jurors who tried this cause were subsequently drawn, or in drawing therefrom either the grand or petit jurors.

There is no merit in the exception reserved in respect of the special juror, T. S. Craig. This defendant was not entitled to have this juror while he was engaged in hearing another capital case for which also he had been specially drawn.—*Cole v. State,* 16 So. Rep. 762. And, moreover, the other case having been concluded while the jury was being made up in this one, Craig was accepted by the prosecution and defense and actually served throughout the trial as a juror in this case.

The several exceptions to testimony with reference to posting gin houses are without merit. It was shown that Irwin, the prosecutor here, was active in ferreting out parties called "white caps" and so calling themselves, who had posted notices on the gin houses of W. T. Simmons and others to the effect that they would burn

down the houses if any cotton was ginned before the price reached ten cents per pound. The defendant admitted having thus posted Simmons' gin house. It was shown that he knew of Irwin's efforts against these "white caps" and of the latter's suspicion that he was one of them. And in this connection, and with reference to the part Irwin was taking in the matter, it was shown that the defendant declared his purpose to burn Irwin's house. All the testimony adduced on this subject went, therefore, directly to show a motive on the part of the defendant to commit the crime for which he was being tried, and was properly admitted.

The court did not err in allowing the witness Young to testify to the good character of the witness Prewett in the neighborhood in which both witnesses lived, and in which young continued to live, though the latter further testified that Prewett at the time of the trial lived six miles from him and he did not know what his character was in the neighborhood of his present residence.—*Sorrelle v. Craig*, 9 Ala. 534, 541; *Martin's Extr. v. Martin*, 25 Ala. 201; *Dupree v. State*, 33 Ala. 380.

The instructions given at the instance of the State are so manifestly correct as not to require discussion.

Of the charges refused to the defendant those numbered 1 and 2 are abstract in one respect, at least; and, for this if not also for other reasons, they were properly refused. They each assume that the evidence raises an issue as to whether certain declarations or admissions, or confessions of the defendant were voluntary and freely made, without the persuasion of hope or the duress of fear, when in point of fact no such issue arose in the case; and the court very properly refused to submit it to the jury.

Charge 3 was well refused to the defendant for that its tendency was to lead the jury to a capricious disregard of all Prewett's testimony if they found he had testified falsely as to any material fact, and this though the witness may not have *willfully* testified as to any material fact.

Charge 4 refused to the defendant is not open, we think, to the objection leveled against that numbered 3. It is not abstract or argumentative; but asserts simply that if the evidence convinces the jury that the witness Prewett is a man of bad character and unworthy of be-

lief they are authorized to disregard his evidence altogether. The jury certainly had this right on the hypothesis of this charge, and they should have been so instructed.

Charge 5 of defendant's series was properly refused.

For the error committed in refusing charge 4, the judgment must be reversed. The cause is remanded.