# Hamilton *v.* The State.

## *Grand Larceny.*

(Decided July 6, 1906. 41 So. Rep. 940.)

1. *Larceny; Indictment; Description of Property.*—An indictment, the first count of which alleges the taking of two twenty dollar bank bills, and one dollar bank bill, lawful money of the United States of America; and the second count of which alleges the taking of two twenty dollar national bank notes and one one dollar national bank note, lawful money of the "U. S. A.", and the third count of which describes the property taken as two twenty dollar United States treasury notes. and one one dollar United States treasury notes, lawful money of the "U. S. A.", is not demurrable for failing to sufficiently describe the property alleged to have been taken.

2. *Criminal Law; Evidence; Confessions; Admissibility.*—Although the accused was in the custody of the sheriff, confessions made while so in custody were admissible where it is shown that no threat was made or any reward or inducement offered to obtain them.

3. *Criminal Law; Instructions; Credibility of Witnesses.*—Instructions asserting that if the witnesses testifying to the crime were in the opinion of the jury unreliable, and not worthy of belief, the accused could not be convicted are properly refused, as pretermitting corroboration by other evidence.

4. *Same.*—A witness may swear falsely to a material fact unintentionally, hence a charge which asserts that if any witness was shown to have sworn falsely to any material fact, his testimony might be disregarded, was properly refused.

5. *Larceny; Trial; Instructions.*—Instructions hypothesizing the description of the property as alleged in a count of the indictment, and requiring that the defendant could not be convicted unless. the proof showed that the money stolen was this certain kind of money, were improperly refused.

6. *Criminal Law; Plea of Not Guilty.*—A trial on its merits cannot be entered into until the defendant has pleaded not guilty, or that plea has been entered for him by the court, and this fact must affirmatively appear of record before a conviction can be had, Section 5262, Code 1896.

APPEAL from Walker Law and Equity Court.

Heard before Hon. THOMAS L. SOWELL.

[Hamilton v. The State.]

The indictment in this case charged that Lula Hamilton and Letha White feloniously took and carried away certain money, the personal property of J. V. Ledbetter. In the first count the money is described as "two twenty dollar bank bills, and one one dollar bank bill, lawful money of the United States of America;" in the second, as "two twenty dollar national bank notes, and one one dollar national bank note, lawful money of the U. S. A."; in the third, as "two twenty dollar United States Treasury notes, and one one dollar United States Treasuary note, lawful money of the U. S. A." Demurrers were interposed to each of the counts because the same failed to sufficiently describe the property alleged to have been stolen, and because it fails to sufficiently describe the person from whom the property is alleged to have been stolen. The demurrers were overruled. On the trial, after proof had been made that certain money had been stolen from one Ledbetter, the person described in the indictment, the state introduced J. S. Moore, who testified as follows: "I know the defendant. She was turned out of jail about 12 o'clock on the day that Ledbetter claims he lost his money. She was put back in jail in the evening about 4 o'clock, but not on the charge of taking Ledbetter's money. I got sixteen dollars and some few cents off of her. We found two five dollar bills of money in her hair." The solicitor then asked the witness whether defendant made any statement to him or in his presence about getting the money, and witness answered she did. Solicitor then asked witness if he or any one in his presence made any threat or offered any inducement to get defendant to make this statement. Witness answered "No." The solicitor asked the witness this question: "State, Mr. Moore, if she denied getting the money off of Ledbetter." The defendant objected to this question and asked permission to cross-examine the witness before he was allowed to answer. This was granted defendant, and in answer to the cross-examination witness testified as follows: "I told her that she had to give up the money, she had it, and there was no use to deny it. I was the sheriff at that time and

[Hamilton v. The State.]

had her in jail in my custody." Here the solicitor repeated the question to the witness: "State whether or not defendant told you that she had taken the money." Witness answered she told me that she got the money from Mr. Ledbetter. There was objection to the question and answer and motion to exclude upon the grounds that it was a confession coming from the defendant, who was then incarcerated under the witness, who was sheriff of Walker county at that time, and the proper predicate had not been laid. The defendant requested a number of written charges which were refused, and which are as follows: "(a) The court charges the jury that, unless the money stolen be shown to have been all or part of it bank bill or bank bills, you cannot find the defendant guilty on the first count in this indictment. (b) The court charges the jury that the defendant cannot be convicted under the second count of the indictment unless the proof shows that the money stolen was either all or a part of it national bank note. (c) The court charges the jury that the defendant cannot be convicted under the third count of this indictment unless the proof shows that the money stolen or a part of it was United States Treasury notes. (5) If the witnesses testifying to the theft are, in the opinion of the jury, unreliable and not worthy of belief, you cannot convict the defendant. (6) The court charges you, gentlemen of the jury, that, if any witness is shown to have sworn falsely to any material fact in the case, you have a right to disregard the testimony of such witness as though he had never testified.

RAY & LEITH, for appellant.—The court erred in overruling the demurrer to the second and third counts.—*Culp r. State*, 1 Port. 33. The court erred in permitting testimony as to the confessions of the defendant.—*McAlpine v. State,* 117 Ala. 93; *Horn v. State,* 102 Ala. 144; *Bradford v. State,* 104 Ala. 68; 83 Ala. 3; 84 Ala. 426. The court erred in its oral charge to the jury.—*Horn v. State, supra.* The court erred in refusing to give defendant's requested charges.—*Gilmore v. State,* 99

[Hamilton v. The State.]

Ala. 154; *Morris v. State,* 97 Ala. 82; *McGehee v. State,* 52 Ala. 225; *Felix v. State,* 18 Ala. 720; 2nd Fed. Stat. Ann. pp. 366-371.

MASSEY WILSON, Attorney General, for State.—(No brief came to the Reporter.)

DENSON, J.—Each count of the indictment is sufficiently specific in the description of the property alleged to have ben stolen, and shows by the direct averment that it was lawful money of the United States.— *Grant's Case,* 55 Ala. 201; *Turner's Case,* 124 Ala. 59, 27 South. 272. The demurrer to the indictment was properly overruled.

The confession of the defendant was properly admitted as evidence.—*Spicer's Case,* 69 Ala. 159.

Charges (a), (b), and (c) hypothesize the description of the property as alleged in the first, second, and third counts of the indictment, respectively, and should have been given. Charge 5 was properly refused, if for no other reason, it pretermits corroboration of the witness of the class named by other evidence in the case.— *Frost's Case,* 124 Ala. 71, 27 South. 550; *Churchwell's Case,* 117 Ala. 124, 23 South. 72; *Osborn's Case,* 125 Ala. 106, 27 South. 758. Charge 6 was properly refused. A witness may unintentionally swear falsely to a material fact.—*Prater's Case,* 107 Ala. 26, 18 South. 238. It is not necessary to notice the other written charges refused to defendant.

"The record fails to show that the defendant pleaded to the indictment, or, standing mute, the court caused the plea of not guilty to be entered for him.—Code 1896, § 5262. There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court."—*Jackson's Case,* 91 Ala. 55, 8 South. 773, 24 Am. St. Rep. 860. —*Powell v. Henry & Co.,* 96 Ala. 412, 11 South. 311.

For the errors pointed out the judgment must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and ANDERSON, JJ., concur.