# Wynne v. The State.

*Retailing Liquor Without License.*

(Decided April 22, 1908.    46 Southfl 459.)

1. *Witnesses; Competency; Impeachment; Conviction of Crime.*— Under section 1795, Code 1907, a witness who has been convicted of burglary and petit larceny is not incompetent to testify; such conviction is an impeachment of the witness and only affects his credibility.

2. *Same; Cross Examination.*—On cross examination it is competent to inquire of a witness touching his conviction for crime; and his answers are subject to contradiction by other evidence under the express provision of section 1796, Code 1907.

3. *Criminal Law; Instructions; Impeachment of Witness.*—A charge asserting that if any witness has been impeached the jury might disregard his testimony unless corroborated, is correct, and

should be given at the request of defendant where a state's witness had been impeached.

4. *Criminal Law; Relevancy; Evidence.*—Evidence as to whether a witness had gone before the grand jury before he bought the whisky or afterwards, was relevant and admissible to identify the time of the purchase and to show that the indictment was found within the year after the sale.

APPEAL from Hale County Court.

Heard before Hon. W. C. CHRISTIAN.

Mantly Wynne was convicted of retailing spirituous, vinous, and malt liquors contrary to law, and he appeals. Reversed and remanded.

The only witness introduced against defendant was George Wilson, who testified to the purchase of six pints of whisky from the defendant and the payment of $2.75 for the same. Other facts are sufficiently stated in the opinion of the court.

DEGRAFFENRIED & EVINS, for appellant. The court should have given the charge requested by the defendant. The witness by his own testimony had been convicted of infamous crime.—*Smith v. The State,* 29 South. 699. This cause must be reversed on the authority of *Churchwell v. The State,* 117 Ala. 123. See also the case of *Sykes v. The State,* 45 South. 383.

ALEXANDER M. GARBER, Attorney-General, for the State. The charge requested by the defendant is properly refused.—*Cobb v. The State,* 115 Ala. 18; *Brown v. The State,* 142 Ala. 287.

HARALSON, J.—Section 1795 of the Civil Code of 1907 provides, that "no objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of other infamous crimes, the objection goes to his credibility." Prior to this

statute, a conviction of petit larceny, or other infamous crime, rendered the witness incompetent to testify.— *Sylvester v. State,* 71 Ala. 17.

Under this rule, the witness for the state was allowed to testify for himself, and he stated on the cross, that he had been previously convicted of burglary and petit larceny, which convictions, under all proper considerations, were an impeachment of the witness, but such proof went to his credibility. It was competent to examine him on the cross touching his conviction for crime, and his answers were subject to be contradicted by other evidence. Civ. Code 1907, 1796. If he answered, that he had been convicted of crime, it was unnecessary to examine other witnesses to contradict him. His own evidence impeached him without other evidence to do so.

The defendant requested the court to charge, that "if any witness testifying has been impeached, then the jury may disregard his testimony, unless his testimony be corroborated by other testimony."

In *Churchwell v. State,* 117 Ala. 124, 127, 23 South. 72, the same charge in part was requested by the defendant, and it was decided, that it was too favorable to the state, in the use of the words "unless the testimony be corroborated by other testimony not so impeached," as employed in that charge. In the charge in this case, the words, "not so impeached," are omitted, but that does not affect this charge in such sort as to render the two charges different in principle. Without these words, the charge was correct, and their use in the charge was something of which the state could not complain, since it was, to that extent, favorable to the state.

The question by the solicitor to the witness, Wilson, whether he had gone before the grand jury before he bought the whisky or afterwards, was not improper, as the evident purpose of the evidence sought was to iden-

tify the time of the purchase, to show that the indictment was found within one year after the sale.

For the error in the refusal of said charge, the judgment must be reversed.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.