277 So.2d 878

Lamarrison **KENNEDY**, alias Lamorrison Kennedy

v.

**STATE of Alabama.**

SC 303.

Supreme Court of Alabama.

May 10, 1973.

Donald E. Brutkiewicz, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

**64**

JONES, Justice.

This case was transferred to the Supreme Court from the Court of Criminal Appeals on March 26, 1973.

Lamarrison Kennedy, alias Lamorrison Kennedy, was convicted of robbery and sentenced to ten years in the penitentiary. Kennedy and an unidentified accomplice were alleged to have robbed a convenience store in Prichard, Alabama, on February 10, 1972. The two employees of the store and several police officers were called as witnesses for the state. The defense presented no witnesses in his behalf.

Appellant first alleges error in that the trial court improperly refused to allow the defense to have a separation agreement[1] marked as an exhibit for identification. Appellant also contends that the trial court erred in refusing defendant's motion for a mistrial for that a separation agreement was signed by the defendant and his attorney in the presence of the jury in violation of Title 30, § 97(1), Code of Alabama 1940 (Recompiled 1958).

■ We are unable to agree with either of appellant's contentions. The separation agreement is part of the record proper on appeal and is before this Court.

The trial court did not err in refusing to allow it to be marked as an exhibit for identification. The purpose and intent of Title 30, § 97(1) is twofold: (1) to prevent the defendant from being prejudiced by the jury's knowledge that he has refused to consent to their separation; and (2) to prevent the jury from showing undue favoritism to a defendant by reason of knowledge that he has consented to their separation. We have searched the record carefully and can find no evidence that the jury *heard* anything to indicate whether the defendant agreed or refused to agree to their separation. The above statute does not prohibit the mere signing of a separation agreement in open court. Segers v. State, 283 Ala. 682, 220 So.2d 848.

■ Appellant alleges error in the refusal of the trial court to give certain written charges requested by the defendant.

Defendant's requested charge number one (1) which was refused is as follows:

"The Court charges the Jury that if they believe that any material part of the evidence of the witness Dixon is wilfully false, you may disregard his entire testimony, and should you do so, this defendant must be acquitted."

It was proper for the trial court to refuse the above charge because it pretermitted corroboration of the named witness by other evidence. Hamilton v. State, 147 Ala. 110, 41 So. 940; Turner v. State, 43 Ala. App. 42, 179 So.2d 170.

■ Defendant's requested charges numbered 2, 5, 6, 8, 10 and 11 were properly refused by the trial court because the principles of law expressed therein were substantially covered in the trial court's oral charge to the jury. Gautney v. State, 284 Ala. 82, 222 So.2d 175; Kemp v. State, 278 Ala. 637, 179 So.2d 762.

---

1. Title 30, § 97(1), Code of Alabama 1940 (Recompiled 1958) provides that the trial court in its discretion and with the written consent of the defendant and defendant's counsel may permit the jury trying a felony case to separate during the pendency of the trial, whether the jury has retired or not.

■ Defendant's requested charges numbered 3, 4, 9, and 13 are substantially the same and will be considered together. Charge 4 is illustrative of this group of charges and reads as follows:

"The court charges the Jury that, if the evidence convinces you that Dixon is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether."

This charge was held good in the case of Prater v. State, 107 Ala. 26, 18 So. 238. Several subsequent cases have considered similar charges but most of these included the additional words "unless corroborated by testimony not so impeached". Seawright v. State, 160 Ala. 33, 49 So. 325; Wynne v. State, 155 Ala. 99, 46 So. 459; Clayton v. State, 23 Ala.App. 150, 123 So. 250. At first glance these additional words, and the fact that the *Prater* case appears to have involved only one witness for the State, seem to give significance to the "corroboration clause" in the later and multi-witness cases. After a more careful analysis, however, we are at the conclusion that such additional words are merely coincidental and not essential to the validity of such a charge. We do not interpret the rationale of *Prater* as having been dependent upon a single witness situation. By requesting these four charges, the defendant was rightfully asking the trial court to instruct the jury that they *may* disregard the testimony of an impeached witness. This they *may* do whether his testimony is corroborated by other witnesses or not. Each of the defendant's requested charges here considered were correct statements of law and should have been given.

Having determined that the trial court improperly refused charges 3, 4, 9, and 13, we now consider them in light of Supreme Court Rule 45 to decide if such error requires a reversal of this cause. Rule 45 is as follows:

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

■ It is well established that under Rule 45 an appellant must not only show error but must also demonstrate that such error was probably injurious. State v. Hodge, 280 Ala. 422, 194 So.2d 827; Kabase v. State, 244 Ala. 182, 12 So.2d 766. This Court has held that the refusal to give a correct requested written charge does not per se import injury and we are authorized to reverse only when the error complained of "has probably injuriously affected substantial rights of the parties", and this is to be determined only "after an examination of the entire cause". Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838; Turner v. State, 238 Ala. 352, 191 So. 396.

In the instant case we have a defendant charged with robbery. One of the State's witnesses, Dixon, was the manager of the store which the defendant allegedly robbed. On cross examination defense counsel attempted to impeach Dixon by showing that he had previously been convicted of crimes involving moral turpitude. The requested charges now under consideration were obviously intended to inform the jury that, because of Dixon's prior convictions, his testimony could be disregarded if the jury chose not to believe him. To determine if their refusal was probably prejudicial to the defendant, we must examine what other evidence was before the jury, remembering that the defendant offered no witnesses in his own behalf.

Mrs. Smith, an employee in the store, gave her account of the robbery and it coincided with Dixon's account in every ma-

terial detail, including the positive identification of the defendant at the trial. Various police officers testified that the defendant was apprehended within two miles of the store and in less than 30 to 40 minutes after the holdup. At the time of his capture the defendant's pockets were full of money, he had a Smith & Wesson snub-nosed .38 caliber revolver in his possession (the same type gun Dixon and Mrs. Smith had described to the police earlier), and Dixon's wallet was found in the defendant's back pocket. In view of the fact that Dixon's testimony was fully corroborated by Mrs. Smith, and upon consideration of all the evidence in this case, we have concluded that the refusal of charges 3, 4, 9, and 13 requested by the defendant, while error, was not such error as to have probably injuriously affected the rights of the defendant. We feel that for the defendant to have been prejudiced by such error, the jury would have had to have disregarded every shred of the totally uncontradicted evidence presented by the State. Therefore, we hold the trial court's refusal to give defendant's requested charges 3, 4, 9, and 13 constituted harmless error and this case will not be reversed on their account.

■ The trial court did not err in refusing to give defendant's requested charge number 15 for the reason that it is substantially the same as defendant's requested charge 12 which was given. Butler v. State, 285 Ala. 387, 232 So.2d 631; Cooper v. State, 277 Ala. 200, 168 So.2d 231.

In addition to the matters heretofore discussed, the Court has carefully reviewed the entire record for error and, finding none, the cause is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, and FAULKNER, JJ., concur.

BLOODWORTH, J., concurs specially.

COLEMAN, J., dissents.

BLOODWORTH, Justice (concurring specially):

I would agree that the refusal to give charge 4 did not constitute reversible error, but for another reason, namely, that there was no evidence that the witness, Dixon, was of "bad character," as the charge suggests the jury might find from the evidence. The testimony was to the effect that he had been convicted of a crime involving moral turpitude.

Such evidence is received solely as it might affect the witness Dixon's "credibility as a witness." Holloway v. State, 43 Ala.App. 153, 182 So.2d 906 (1965); Title 7, § 434, Code of Alabama 1940; 6A Ala. Dig., Criminal Law, �kø 673(5). It is not per se evidence of his bad character. One may have bad character and never have been convicted of a crime involving moral turpitude. On the other hand, one may have been convicted of a crime involving moral turpitude and yet might be able to produce witnesses who would swear to his good character.

In the case of Prater v. State, 107 Ala. 26, 18 So. 238 (1894), it was held reversible error to refuse a charge identical to the charge in the instant case. However, in *Prater,* the witness' bad character was proved. Thus, it was that this court held the charge should have been given. *Prater* is not apt authority for a reversal here.

Therefore, I conclude that the refusal of defendant's requested charge 4 was not reversible error because the charge was "abstract" under the evidence.