The appellant was indicted and convicted for an intentional killing while committing a robbery. Section 13-11-2 (a)(2), Code of Alabama 1975. Sentence was fixed at death.
We have carefully reviewed the evidence and find that this cause must be reversed due to the failure of the trial judge to properly instruct the jury.
Throughout the course of the trial evidence showing the bad character of Wanda Cassidy, the State's chief witness, was introduced. Among other acts it was shown that she assisted the appellant in escaping even though she knew he committed the murder. She was absent without leave from the Army. Her nickname was "Wicked Wanda" which she was called "by everybody". Her former husband testified that the appellant and his brother were "living with" her during the week but had to find another place to stay when her husband, who was on prison work release, came home on the weekends.
The trial judge refused to give the following written charge requested by the appellant.
 "I charge you, gentlemen of the jury, if the evidence convinces you that Wanda Cassidy is a woman of bad character, and unworthy of belief, then you may disregard her evidence altogether."
This charge was initially held proper in Prater v. State,107 Ala. 26, 18 So. 238 (1894). It was recently approved in Kennedyv. State, 291 Ala. 62, 277 So.2d 878 (1973), and Johnson v.State, 349 So.2d 110 (Ala.Cr.App. 1977). *Page 561 
Notwithstanding the contention of the State to the contrary, this charge was not covered in substance by the court's oral charge. No other written charge to the same effect was given. Under the evidence presented the charge is not abstract as there was evidence of her "bad character".
This Court recently set forth the controlling principles of law governing the refusal of the trial judge to give a written requested charge.
 "In determining whether a requested charge should be given, the question is not whether the court believes the evidence supporting the charge, `but simply whether such evidence was presented.' Hunter v. State, 295 Ala. 180, 325 So.2d 921 (1976).
 "The trial judge may have had reason to disbelieve the appellant's version of the facts, however, he did not have legal cause to withhold that version of the facts from the jury's consideration.
 "In Burns v. State, 229 Ala. 68, 155 So. 561 (1934), our Supreme Court held in part as follows:
 `Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State (Ala.Sup.), 39 So. 608, 611, it is said: `It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination . . .' (Emphasis supplied.)
 "Likewise, in Chavers v. State, Ala., 361 So.2d 1106
(1978), the Alabama Supreme Court stated:
 `. . . (O)ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. . . .'"
Giles v. State, 366 So.2d 351 (Ala.Cr.App. 1978).
See also Miller v. State, 40 Ala. App. 533, 119 So.2d 197, cert. denied, 270 Ala. 739, 119 So.2d 210 (1960); Bradberry v. State,37 Ala. App. 327, 67 So.2d 561 (1960); Degro v. State,34 Ala. App. 232, 38 So.2d 354 (1949); Duncan v. State, 30 Ala. App. 356, 6 So.2d 450, cert. denied, 242 Ala. 329, 6 So.2d 454
(1942).
We have examined the other issues presented by the appellant and found them to be without merit. Though not raised on appeal, the sentencing hearing contained a number of errors which must be corrected if this appellant is retried and found guilty. The trial judge failed to set forth in writing, as the basis for the sentence of death, findings of fact from thetrial and the sentence hearing as required by Section 13-11-4, Code of Alabama 1975. The aggravating circumstance that the capital felony was committed for pecuniary gain, Section 13-11-6 (6), Code of Alabama 1975, covers the "murder-for-hire" situation and not the circumstance where the intentional killing was committed by the appellant while stealing money.Cook v. State, 77-320 (Ala. Ms. September 15, 1978). The aggravating circumstance that the "defendant knowingly created a great risk of death to many persons", Section 13-11-6 (3), Code of Alabama 1975, is not applicable to the situation where the only possible risk of death is to the two victims of the robbery. Though the trial court found "no mitigating circumstances worthy of consideration" we emphasize the remarks of the Alabama Supreme Court in Cook, supra, concerning the mitigating circumstances of no significant history of prior criminal activity. Section 13-11-7 (1), Code of Alabama 1975.
Regardless of the repulsive cruelty of the killing involved, the failure of the trial judge to instruct the jury as requested is fatal. Our only course is to reverse the conviction and remand for new trial.
REVERSED AND REMANDED.
All Judges Concur. *Page 562