Upon preliminary consideration, we granted the petition for a writ of certiorari to review the Court of Criminal Appeals' affirmance of the trial court's refusal of Defendant's requested charge relating to the right of the jury to disregard the testimony of a State's witness if the witness, under the evidence, were found to be a person of bad character. CitingKennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973), and ARAP 45, the appellate court held that, while such refusal was error, in light of other corroborating evidence, the error was rendered harmless.
Because the opinion states the fact of corroboration by way of conclusion, our review *Page 511 
of that opinion may be invoked only through ARAP 39 (k), which was not utilized in this case. Thus, this Court cannot be put to a search of the record to verify or disprove the factual conclusions stated by the Court of Criminal Appeals.
By quashing the writ for failure to comply with Rule 39 (k), we are not to be understood as agreeing that Kennedy is authority for the abstract proposition that under all circumstances the corroboration of a witness's testimony renders harmless the error for failing to give the jury instruction which was requested in this case. Kennedy must be construed within its narrow and peculiar factual context.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
All the Justices concur.