BOWEN, Presiding Judge.
Austin Cason was convicted for the murder of James A. Watts, Jr. and sentenced to life imprisonment.
I
At trial, Clarence Pope and Harold Winningham testified as witnesses for the State. Pope admitted a prior conviction for *719 forgery. Winningham admitted a prior conviction for carnal knowledge. Both of these crimes involve moral turpitude and impeached the credibility of each witness. Matthews ¶. State, 51 Ala.App. 417, 419, 286 So.2d 91 (1973) (rape); Moton v. State, 13 Ala.App. 43, 46, 69 So. 235 (1915) (forgery); C. Gamble, McElroy’s Alabama Evidence § 145.01(7) and (9) (3rd ed. 1977).
Cason requested that the following charge be given to the jury:
“Members of the jury, I charge you that if a witness has been convicted of a crime, a felony, such as forgery or carnal knowledge, then he has been impeached and you may disregard his testimony completely.”
This charge was refused by the trial judge because “whether the testimony has been impeached is strictly a jury question ... it’s just a jury question as to whether they want to believe him or not.” The judge did instruct the jury: “In your discretion, if you see fit to do so, you may disregard the testimony of any witness whom you find to be of bad character and unworthy of belief under oath.”
The trial judge’s refusal to give Cason’s requested charge and his failure to fairly and substantially charge the jury on the legal principle involved constitutes reversible error. Kennedy v. State, 291 Ala. 62, 65, 277 So.2d 878 (1973); Ashlock v. State, 367 So.2d 560, 561 (Ala.Cr.App.1978), cert, denied, 367 So.2d 562 (Ala.1979). The evidence of Cason’s guilt was sharply disputed.
II
The trial judge refused to instruct the jury on the offense of criminally negligent homicide. “Under Alabama law an accidental killing may support a conviction for murder, manslaughter, or negligent homicide, depending on the circumstances of the case.” Ex parte Weems, 463 So.2d 170, 172 (Ala.1984). We know of no rule in this state that requires that before an accused can be guilty of criminally negligent homicide that person must be in violation of an ordinance or statute in committing the conduct causing the death. Alabama Code 1975, § 13A-6-4(b) does provide that, in determining whether a person is guilty of criminal negligence, “the jury is permitted to consider statutes and ordinances in deciding whether the defendant departed from the standard of conduct appropriate for him under the circumstances.” § 13A-6-4, Commentary. “The mere violation of some statute or ordinance does not establish a prima facie case of criminal negligence, nor presume criminal negligence, but is one factor having a possible bearing upon the existence of such negligence.” Id.
Even if the trial judge’s refusal to instruct the jury on criminally negligent homicide constitutes error, that error was harmless. The jury was charged on intentional murder and reckless manslaughter. Here, as in Phelps v. State, 435 So.2d 158, 167 (Ala.Cr.App.1983), “[a]ny speculation that the jury might have found the defendant guilty of criminally negligent homicide is dissipated by the fact that they found him guilty of intentional murder.”
The judgment of the circuit court must be reversed. This cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.