In 1979, Freddie Lee Wright was convicted under the 1975 Death Penalty Act, Alabama Code 1975, for the capital robbery of Warren Green [§ 13-11-2 (a)(2) — robbery when the victim is intentionally killed] and for the capital murder of Warren and Lois Green [§ 13-11-2 (a)(10) — first degree murder wherein two or more persons are intentionally killed].[1] The sentence was death by electrocution. The Court of Criminal *Page 747 
Appeals affirmed the conviction and overruled the application for rehearing. We granted certiorari as a matter of right. Rule 39 (c), A.R.App.P.
The facts are set forth in the opinion of the Court of Criminal Appeals in this case, 494 So.2d 726.
Appellant presents ten issues for our review, which were also presented to the Court of Criminal Appeals. We shall specifically address issues number I, II, III, IV, VI, and VII.
 Issue I
Appellant was tried and convicted under Alabama's 1975 Death Penalty Act prior to its condemnation because of its preclusion clause in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980), and prior to this Court's severance of that clause from the act in Beck v. State, 396 So.2d 645 (Ala. 1980). Appellant's first argument is that he should be granted a new trial because of the prejudicial effect the preclusion clause had on his conviction and sentence.
The test used to determine the effect of the preclusion clause on a pre-Beck trial is set out in Cook v. State,431 So.2d 1322, 1324 (Ala. 1983), as follows:
 "(1) Was there any evidence presented at trial upon which a conviction of a lesser included offense could have been based?
 (2) If not, has the defendant suggested any plausible claim which he might conceivably have made, had there been no preclusion clause, that is not contradicted by his own testimony at trial? If the answer to both of these questions is no, then a conviction at trial
is due to be affirmed."
Appellant concedes that he fails to meet the first prong of the test: whether the evidence at trial supports a lesser included offense. However, he argues that he has suggested a "plausible claim which he might conceivably have made, had there been no preclusion clause, that is not contradicted by his own testimony at trial." Cook v. State, supra.
Although the appellant did not personally take the witness stand and testify, his defense was alibi and he presented a witness who testified that he was in Mobile at the time of the offense in Mount Vernon.
Appellant contends that his "own testimony" does not contradict his "plausible claim" that he was present at the crime but participated only in the robbery and did not know about or participate in the murders. The Court of Criminal Appeals viewed the testimony of the appellant's witness at trial as the appellant's "own testimony" for purposes of applying the preclusion-clause-effect test. Appellant argues that this is an error and a violation of his fifth amendment right to remain silent.
We cannot accept appellant's argument. If the appellant had personally testified at trial to his alibi, his own testimony would have contradicted the claim he now makes and he would not be granted a new trial. See the following cases wherein similar claims have been rejected: Ex parte Tomlin, 443 So.2d 59 (Ala. 1983), cert. denied, 466 U.S. 954, 104 S.Ct. 2160,80 L.Ed.2d 545 (1984); Cook v. State, supra; Bryars v. State,456 So.2d 1122 (Ala.Cr.App. 1983), reversed on other grounds, Ex parteBryars, 456 So.2d 1136 (Ala. 1984); and Hill v. State,455 So.2d 930 (Ala.Cr.App.), affirmed, Ex parte Hill, 455 So.2d 938
(Ala.), cert. denied, 469 U.S. 1098, 105 S.Ct. 607,83 L.Ed.2d 716 (1984). We do not believe the United States Supreme Court meant for such a restrictive interpretation to be applied to the preclusion-clause-effect test when it posed the second part of the test in Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049,72 L.Ed.2d 367 (1982).
In addition to the holding stated above, the Court of Criminal Appeals found that the appellant did not present a "plausible claim" that he was present at the crime but was guilty of only felony murder or robbery. The Court of Criminal Appeals found the claim speculative, directly opposed to the testimony presented at trial, and not the kind of claim contemplated by the second prong of the preclusion-clause-effect test. After reviewing all of the *Page 748 
evidence, we agree with the Court of Criminal Appeals that appellant was not prejudiced by the existence of the preclusion clause because he has not suggested any plausible claim which he would have made but for the preclusion clause.
 Issue II
Appellant alleges error in the refusal of the trial court to give his written requested charges five and six. The requested charges are:
 "The court charges the jury, that if the evidence convinces you that Roger McQueen is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether.
 "The court charges the jury, that if the evidence convinces you that Percy Craig is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether."
In its decision in this case, the Court of Criminal Appeals recognized that these charges are proper. Ashlock v. State,367 So.2d 560 (Ala.Crim.App. 1978), cert. denied, 367 So.2d 562
(Ala. 1979). However, based upon Kennedy v. State, 291 Ala. 62,277 So.2d 878 (1973), the court of appeals found that although it was error to refuse to instruct the jury as requested in charges five and six, that error was harmless. We do not reach the harmless error issue.
Because the requested charges were covered by the trial court's oral charge and by other written charges to the same effect, we find no error in the trial court's refusal of charges five and six.
 Issue III
Appellant contends that the trial court erred in refusing to give defendant's requested charge 16, which stated:
 "The court charges you that in order for you to return a verdict of guilty you must unanimously agree on both the question of the guilt of the accused and the fixing of the punishment at death and if any one of you does not agree on both the question of guilt and the punishment of death there can be no verdict of conviction."
Appellant argues that the failure of the Court of Criminal Appeals to reverse for this reason had the effect of declaring the voir dire examination and the oral charge to the jury to be co-equal. Appellant further argues that the jury should have been informed that if it cannot agree on the death penalty it (the jury) can declare a mistrial.
We believe the cases of Bryars v. State, supra, and Evans v.Britton, 472 F. Supp. 707 (S.D.Ala. 1979), reversed on other grounds, Evans v. Britton, 628 F.2d 400 (5th Cir. 1980), rehearing denied, opinion supplemented, Evans v. Britton,639 F.2d 221 (5th Cir. 1981), reversed on other grounds, Hopper v.Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), cited by the Court of Criminal Appeals, are decisive on this point. We, therefore, agree with the Court of Criminal Appeals that the trial judge's failure to give charge 16 was not error.
 Issue IV
Appellant contends that Percy Craig was an accomplice as a matter of law and, therefore, that the trial court erred in charging the jury that Craig was not an accomplice as a matter of law and that the jury would have to make this determination from the facts.
In the case of Miller v. State, 290 Ala. 248, 275 So.2d 675,679 (1973), this Court stated:
 "The test of whether a witness is an accomplice is, could the witness have been indicted and convicted of the offense charged either as principal or accessory. If he could not, he is not an accomplice. . . ."
The Court of Criminal Appeals in Tinsley v. State,395 So.2d 1069 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 1080 (Ala. 1981), held that the issue of whether the witness, McQueen, who had previously been convicted for murder in the second degree of Mr. Green, was an accomplice to the accused, Tinsley, in Mr. Green's murder, was a question for the jury. *Page 749 
The trial judge was correct in allowing the jury in this case to determine this issue from the facts before them.
 Issue V
See discussion with issues VIII-X, infra.
 Issues VI and VII
Appellant contends that the jury venire should not have been qualified as to their opinions regarding the death penalty and that the exclusion of jurors who are unalterably opposed to the death penalty results in a jury that is biased in favor of the prosecution and, therefore, that he was denied a fair and impartial jury.
In the recent case of Lockhart v. McCree, ___ U.S. ___,106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), the United States Supreme Court held that due process was not violated by "death qualifying" the jury. This same conclusion has been reached in other cases cited by the Court of Criminal Appeals. The Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770,20 L.Ed.2d 776 (1968), held that a claim that the jury is prosecution prone may be valid but that it must be substantiated by the evidence. Appellant fails to allege, and the record does not disclose, any evidence to support this claim. Several veniremen were challenged for cause after they swore that they could not return any verdict which could result in a death sentence. However, in Witherspoon, supra, the Supreme Court emphasized that its decision did not affect the validity of a sentence in a case where jurors were excluded for cause because they would automatically vote against the imposition of capital punishment without regard to any evidence produced at trial. Therefore, we find that the Court of Criminal Appeals was correct in holding that appellant was not deprived of a fair and impartial jury.
 Issues V and VIII-X
As to the remaining issues presented by Wright, we note that we have reviewed the record in this case, that we have carefully reviewed the holding of the Court of Criminal Appeals, and that we have carefully considered the propriety of the death sentence, pursuant to the requirements of Ala. Code (1975), § 13A-5-53 (a), and Beck v. State, supra, and we find that there were no errors adversely affecting the rights of the appellant. Therefore, the judgment of the Court of Criminal Appeals is hereby affirmed.
AFFIRMED.
MADDOX, JONES, SHORES, BEATTY, ADAMS, and HOUSTON, JJ., concur.
ALMON, J., not sitting.
[1] The 1975 capital punishment statute, as contained in §§ 13-11-1 through 13-11-9, was carried over intact to the new criminal code as §§ 13A-5-30 through 13A-5-38. These sections of the new criminal code were repealed effective July 1, 1981, by the 1981 capital offense statute appearing at §§ 13A-5-39
through 13A-5-59, but only as to conduct occurring on or after July 1, 1981. Therefore, conduct occurring before July 1, 1981, as in the present case, is governed by the pre-existing law, i.e., §§ 13-11-1 through 13-11-9.