This Court granted certiorari to consider whether the Court of Criminal Appeals, 515 So.2d 718 (1986), erred in holding that the defendant was entitled to the following jury instruction:
 "Members of the jury, I charge you that if a witness has been convicted of a crime, a felony, such as forgery or carnal knowledge, then he has been impeached and you may disregard his testimony completely." (Emphasis added.)
The Court of Criminal Appeals found that the refusal to give this charge was error, citing Kennedy v. State, 291 Ala. 62,277 So.2d 878 (1973), and Ashlock v. State, 367 So.2d 560
(Ala.Crim.App.), cert. denied, 367 So.2d 562 (Ala. 1979).
In Ashlock, the charge in question approved by the Court of Criminal Appeals was as follows:
 "I charge you, gentlemen of the jury, if the evidence convinces you that Wanda Cassidy is a woman of bad character, and unworthy of belief, then you may disregard her evidence altogether."
367 So.2d at 560. (Emphasis added.)
In Kennedy, the charge was as follows:
 "The court charges the Jury that, if the evidence convinces you that Dixon is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether."
291 Ala. at 65, 277 So.2d at 880. (Emphasis added.)
The use of the word "may" in each of these charges tends to allow the jury the ultimate decision on the credibility of a witness. Nevertheless, the instant charge may require the jury to consider the testimony of that witness as "impeached" once the felony conviction has been established, and thus the jury might believe that it should disregard his testimony completely. That conclusion, apparently, was the subject of the trial court's concern over the propriety of the charge.
In neither Ashlock nor Kennedy, on the other hand, did the language of the charge establish any conclusion for the jury on the question of the witness's credibility.
The credibility of a witness is a question for the jury.Waddle v. State, 473 So.2d 580 (Ala.Crim.App. 1985); Sheltonv. State, 384 So.2d 869 (Ala.Crim.App.), cert. denied,384 So.2d 871 (Ala. 1980). It is true that the evidence of a conviction for a crime involving moral turpitude may be considered as affecting credibility, Code of 1975, § 12-21-162; however, that evidence, and the other evidence, if any, must convince the jury that a witness previously convicted of such a crime is unworthy of belief in order to enable the jury to disregard that witness's evidence altogether. *Page 721 
Indeed, in Murphy v. State, 474 So.2d 771, 774
(Ala.Crim.App. 1985), the following charge was approved:
 "The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime involving moral turpitude. Evidence has been introduced that Verbon Murphy has been convicted of a crime involving moral turpitude and if you are reasonably satisfied from the evidence that the witness, Verbon Murphy, has been convicted of a crime involving moral turpitude, such evidence goes to the credibility of this witness and you may consider it along with all the other evidence in determining what weight you will give to his testimony."
We find that the requested charge was incorrect, and so the trial court did not err in refusing to give it. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to that court for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.