TYSON, Judge.
The City of Montgomery filed complaints against this appellant for resisting arrest and harassment in violation of Montgomery, Ala., Code Ch. 1 § 9 (1980) (ref. Ala. Code § 13A-ll-8(a) (1975)). Shewmake was found guilty in Municipal Court on both counts and appealed his convictions requesting a trial de novo in the Circuit Court of Montgomery County, Alabama.
A jury trial was held and the appellant was again found guilty on both counts. In each case he was sentenced to 60 days confinement in the county jail and fined $268.00.
The testimony at trial showed that on the evening of January 20,1986, two Montgomery police officers received a radio dispatch of a disturbance occurring at 2241 Saint Charles Street, Montgomery. When they arrived there, two other Montgomery police officers were already on the scene with a warrant for the appellant’s arrest in their possession. During the ensuing attempt to arrest the appellant, he refused to cooperate with the officers. He refused to take his hands out of his pockets when asked and slammed the door to the residence on one of the officer’s legs. He told them to “watch out” and that he had a gun. The appellant cursed at the officers and told them he would kill them. He ran from the officers and kicked them before he was finally subdued and placed in the police car.
I
The appellant contends that the City of Montgomery failed to prove that there was *385 an outstanding warrant for his arrest at the time of the incident.
This contention is completely without support in the record. The record reveals that two of the officers present at the time testified that an officer who was present at the time was in possession of a warrant. (R. 10, 14, 32).
Although the warrant itself was not introduced at trial, we need not address the issue of whether or not a violation of the Best Evidence Rule exists. The appellant made no objection to the admittance of this testimony at trial. Therefore, no error was preserved for our review. Dunaway v. State, 50 Ala.App. 200, 278 So.2d 200 (1973); Ex Parte Washington, 448 So.2d 404, on remand, 448 So.2d 409 (Ala.1984).
We note that it is not necessary for the officer who actually arrested the appellant to have had possession of the warrant since one of the officers present did have same. Ex Parte Talley, 479 So.2d 1305 (Ala.1985); Adams v. State, 175 Ala. 8, 57 So. 591 (Ala.1912).
II
The appellant contends that the State failed to establish venue. His contention is not supported by the record. The police officers testified that the incident occurred at 2241 Saint Charles Street. (R. 6, 23). This evidence was sufficient to raise an inference of proper venue. See Coleman v. State, 423 So.2d 276 (Ala.Crim. App.1982).
III
The appellant contends that the trial court erred in allowing one of the police officers to testify as to the standard procedures used in making an arrest. He argues that this testimony was irrelevent and unfairly prejudicial. We find his contention to be without merit.
This very brief testimony was offered by the City to rebut the appellant’s testimony that the officers involved had not used proper procedures in his arrest. (R. 49-50). The trial judge did not abuse his discretion in allowing this testimony to be admitted for this purpose. See Walton v. State, 461 So.2d 894 (Ala.Crim.App. 1984); Ballard v. State, 461 So.2d 899 (Ala. Crim.App.1984).
Furthermore, even had the admission of this testimony been erroneous, it would not constitute grounds for reversal. The appellant has failed to prove "that the error complained of has probably injuriously affected [his] substantial rights.” A.R. A.P. 45; Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973).
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.