I concur with the main opinion. I write to explain why I believe the United States Supreme Court's holding in Ring v. Arizona, 536 U.S. 584,122 S.Ct. 2428 (2002), when read in conjunction with Harris v. UnitedStates, 536 U.S. 545, 122 S.Ct. 2406 (2002) (issued the same day as Ring) does not invalidate Alabama's capital-punishment scheme, regardless of whether one of the aggravated circumstances enumerated in § 13A-5-49, Ala. Code 1975, is found by a trial judge rather than by a jury beyond a reasonable doubt.
The holding of the United States Supreme Court in Ring is based on the premise that all capital defendants "are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Ring, 536 U.S. at 589, 122 S.Ct. at 2432 (emphasis added.). See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). See also Harris,536 U.S. at 567, 122 S.Ct. at 2419 ("Read together, McMillan [v.Pennsylvania, 477 U.S. 79 (1986)] and Apprendi mean that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are the elements of the crime for the purposes of the constitutional analysis."). *Page 1194 
Unlike the Arizona capital-sentencing scheme, which creates the substantive offense of capital murder only after a jury convicts a defendant of first-degree murder and the trial court — without the jury — makes certain findings that elevate the murder to a capital offense, the Alabama statutory scheme defines the substantive offenses of capital murder in § 13A-5-40, Ala. Code 1975. That statute identifies certain intentional murders that, when committed in conjunction with certain aggravating factors, are considered by the people of this State to be so reprehensible that if a jury finds a defendant guilty beyond a reasonable doubt of one of those offenses, the maximum punishment the defendant can receive based on the jury's guilt-phase verdict is death. For example, the Alabama Legislature has determined that the act of "murder when the victim is less than fourteen years of age" is a capital offense and that the maximum authorized punishment for a defendant convicted of that offense is death, see § 13A-5-40(15), Ala. Code 1975. Thus, a jury finding a defendant guilty beyond a reasonable doubt of capital murder under § 13A-5-40(15), Ala. Code 1975, makes a finding that the defendant is guilty not only of murder but also of an aggravating factor (i.e., the victim was less that 14 years old) that increases the maximum statutorily prescribed punishment for the offense to death. The jury's verdict during the guilt phase in a capital trial meets the procedural mandates of Apprendi and Ring, and establishes that the maximum statutorily prescribed punishment for the capital offense is death. In his special concurrence in Ring, Justice Scalia stated:
 "What today's decision says is that the jury must find the existence of the fact that an aggravating factor existed. Those States that leave the ultimate life-or-death decision to the judge may continue to do so — by requiring a prior jury finding of [an] aggravating factor in the sentencing phase or, more simply, by placing the aggravating-factor determination (where it logically belongs anyway) in the guilt phase."
536 U.S. at 612, 122 S.Ct. at 2445. Alabama's statutory scheme complies with the second alternative suggested by Justice Scalia.
In Alabama, a defendant charged with a capital offense pursuant to § 13A-5-40 is informed in the indictment of the elements of the capital offense and, consequently, is informed that if a jury finds the defendant guilty beyond a reasonable doubt of the offense, the maximum statutorily prescribed punishment that may be imposed is death. When an Alabama jury is selected to sit in a capital-murder trial, the jury is "death-qualified." See Wright v. State, 494 So.2d 745 (Ala. 1986), citingLockhart v. McCree, 476 U.S. 162 (1986), and Witherspoon v. Illinois,391 U.S. 510 (1968). Thus, the jury, like the defendant, is informed before the trial begins that if it finds the defendant guilty beyond a reasonable doubt of the charged capital offense (i.e., intentional murder with an aggravating factor), the maximum possible punishment the defendant may receive for the capital conviction, if such a sentence is deemed appropriate, is death. Indeed, prospective jurors are disqualified if they are unable to set aside their personal biases and prejudices with regard to capital sentencing and determine guilt based on the facts presented at the trial. Ex parte Smith, 698 So.2d 219 (Ala. 1997). Consequently, in accordance with Apprendi and Ring, when a jury finds a defendant guilty of a capital offense as defined in § 13A-5-40, the jury's verdict establishes that the maximum statutorily prescribed sentence the defendant may receive for the capital conviction is death. By finding a *Page 1195 
defendant guilty of the capital offense during the guilt phase, an Alabama jury makes the factual determinations that an intentional murder occurred, that an aggravating factor was present, and that the defendant is eligible for the maximum punishment for the offense — death.
It appears to me that confusion arises because a defendant convicted in Alabama of a capital offense is provided with additional due process through a sentencing-phase hearing before a jury. The fact that the Alabama statutory scheme allows a jury to hear evidence of the aggravating circumstances and the mitigating circumstances to determine the propriety of a death sentence and to recommend whether the maximum punishment of death is warranted does not obviate the fact that the jury's verdict of guilty of capital murder in the guilt phase establishes the potential for the imposition of the death penalty. Consequently, it appears to me that Alabama's capital-punishment scheme, regardless of whether the aggravating circumstances enumerated in § 13A-5-49, Ala. Code 1975, are found beyond a reasonable doubt by a jury, meets the procedural mandates of Apprendi and Ring. Indeed, our scheme appears to be exactly what the Supreme Court envisioned when it stated:
 "`Neither the cases cited, nor any other case, permits a judge to determine the existence of a factor which makes a crime a capital offense. What the cited cases hold is that, once a jury has found the defendant guilty of all the elements of an offense which carries as its maximum penalty the sentence of death, it may be left to the judge to decide whether that maximum penalty, rather than a lesser one, ought to be imposed. . . . The person who is charged with actions that expose him to the death penalty has an absolute entitlement to jury trial on all the elements of the charge.'"
Apprendi, 530 U.S. at 497 (quoting Almendarez-Torres v. United States,523 U.S. 224, 257 n. 2 (1998)).
The Court's observations in Apprendi, as well as its explanation inRing for those observations, indicate that the United States Supreme Court views a statutory scheme "requiring judges, after a jury verdict holding a defendant guilty of a capital crime, to find specific aggravating factors before imposing a sentence of death" to be in compliance with Apprendi. 530 U.S. at 496. In Alabama, the trial court's finding of an aggravating circumstance enumerated in § 13A-5-49
during the penalty phase does not elevate the defendant's punishment; it merely explains why the punishment is justified. The enumerated aggravating circumstances in § 13A-5-49 do not operate as "the functional equivalent of an element of a greater offense,"530 U.S. at 494 n. 19, but as sentencing factors to be considered by the trial court. See McMillan v. Pennsylvania, 477 U.S. 79, 87-88 (1986). See alsoHarris, supra. Indeed, the trial court's finding of the aggravating circumstance during the penalty phase and the determination of whether the aggravating circumstance outweighs any mitigating circumstances establishes the propriety of the imposition of a death sentence. This process limits the trial court's choice of sentence; it does not create a greater substantive offense.
I acknowledge that in Ring, the United States Supreme Court uses the term "aggravating circumstance" and repeatedly states that the jury must find the existence of an "aggravating circumstance" to impose the death sentence. However, a review of Apprendi and its progeny indicates that the United States Supreme *Page 1196 
Court's holdings in this regard are directed at the scheme pursuant to which a jury finds a defendant guilty of the substantive offense and then evaluates factors that, if found to exist, would elevate the offense to a capital offense. Apprendi and Ring do not require that a jury determine the propriety of a sentence. Indeed, to hold otherwise would expand the procedural requirements of Apprendi and Ring to require two findings by the jury — one finding the defendant guilty beyond a reasonable doubt of the offense, which includes an aggravating factor, that carries with it the maximum punishment of death and a subsequent finding beyond a reasonable doubt during the penalty phase of an additional aggravating circumstance to justify the propriety of the imposition of a death sentence.
The Alabama Legislature, by clearly defining the elements of capital offenses and the maximum applicable punishment for a capital conviction, created a statutory scheme that provides the procedural protections mandated by Apprendi and its progeny in the guilt phase and a scheme that adequately channels the trial court's discretion to prevent the arbitrary imposition of the maximum punishment of death in the penalty phase.