Darrell Bernard Walker was convicted for the first degree murder of Charles Phillips and sentenced to life imprisonment. This was Walker's second trial and conviction for this offense. His first conviction was affirmed on appeal, Walker v. State,386 So.2d 762 (Ala.Cr.App.), cert. denied, 386 So.2d 765 (Ala. 1980).
Although there is nothing in the record to evidence the fact, the Attorney General *Page 450 
states that the defendant's 1979 conviction was overturned by the United States Eleventh Circuit Court of Appeals on September 30, 1988, because of the district attorney's violation of the "advocate-witness rule." Appellee's brief at 1. See Walker v. Davis, 860 F.2d 1091 (11th Cir. 1988) (Table). On this appeal from his 1988 conviction, the defendant's only argument is that reversible error was committed when the trial judge allowed into evidence testimony of an inculpatory statement made to the district attorney. The defendant argues that under the totality-of-the-circumstances test, his confession was involuntary and inadmissible:
 "Those circumstances include: 1) The only testimony of the confession was made by a convicted felon. 2) Mr. Hendrix [the district attorney] and his secretary directly contradicted each other regarding the confession being reduced to writing. Mr. Hendrix testified it was not put in writing — Mrs. Joiner testified it was transcribed and signed by the defendant. 3) Mr. Hendrix testified the confession was made in the presence of attorney David Barnett. Mr. Barnett testified this was untrue. The defendant likewise testified the confession was taken by the district attorney without defense counsel present. 4) The defendant was 17 years of age at the time this inculpatory statement was made. 5) The defendant was a jail inmate at the time this statement was taken. 6) The statement was taken in the courthouse office of the district attorney. 7) The defendant's parents were not notified of the meeting between the defendant and the district attorney, nor did the district attorney inform the defendant he had the right to have his father present." Appellant's brief at 9-10.
As in the appeal from his 1979 conviction, Walker,386 So.2d at 764, we reject the defendant's argument.
James A. Hendrix testified that, on February 23, 1979, he was the district attorney of Baldwin County. On that date, Walker admitted his guilt of the murder after being advised of hisMiranda rights by both Hendrix and his attorney, David Barnett, who was present when Walker made his statement to Hendrix.
On cross-examination, Hendrix admitted that he had been convicted of the felony of "marijuana conspiracy." In Ex parteMcIntosh, 443 So.2d 1283, 1286 (Ala. 1983), the Alabama Supreme Court held that "[p]ossession [of marijuana] for resale . . . does involve moral turpitude," and in G.M. Mosley Contractors,Inc. v. Phillips, 487 So.2d 876, 878 (Ala. 1986), that court held that "for purposes of determining whether conspiracy is a crime involving moral turpitude, we look to the object of the conspiracy." However, the fact that Hendrix had been convicted of a crime involving moral turpitude does not mean that his testimony must be disregarded. "It is true that the evidence of a conviction for a crime involving moral turpitude may be considered as affecting credibility, Code of 1975, § 12-21-162; however, that evidence, and the other evidence, if any, must convince the jury that a witness previously convicted of such a crime is unworthy of belief in order to enable the jury to disregard that witness's evidence altogether." Cason v. State,515 So.2d 719, 720 (Ala. 1987). See also Orforda v. State,339 So.2d 1038, 1040 (Ala.Cr.App.), cert. denied, 339 So.2d 1042
(Ala. 1976).
Hendrix testified that his secretary, Vivian Joiner, did not reduce the defendant's statement to "writing verbatim. But she was taking notes all the time of various cases and so forth" and "[s]he was always reducing everything she heard down to notes." He stated, "No, she didn't come in and take down the conversation, no. She made notes that she might have heard or notes relative to the thing maybe." Hendrix testified that the defendant never signed a written statement.
Mrs. Joiner testified that she took the defendant's confession "down in speedwriting" for her "notes for preparation for another case," and that the defendant signed the statement in her presence.
Hendrix was positive that the confession was made in the presence of defense counsel. Mrs. Joiner also testified that she was *Page 451 
"positive" that the defendant confessed to Hendrix in front of a lawyer. The lawyer, David Barnett, was just as positive that he was not present when the defendant made a confession to Hendrix. The defendant denied that he ever made a confession to Hendrix at any time. He did state that he talked to Hendrix one time when his attorney was not present.
The defendant was 17 years old when he allegedly confessed. The record shows that he was arrested and committed to jail on July 13, 1978. The defendant testified that he had been in jail "for a while" when he confessed. The statement was taken in the office of the district attorney.
Hendrix testified that both he and Barnett advised the defendant of his Miranda rights. The defendant testified that Hendrix did not advise him that he had a right to have his father present. Rule 11(A)(4), A.R.Juv.P., states: "When the child is taken into custody, he must be informed of the following rights by the person taking him into custody: . . . (4) If his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so." Rule 11(A)(4) does not apply if the child's counsel, parent, or guardian is already present. Payne v. State, 487 So.2d 256, 257
(Ala.Cr.App. 1986). Additionally, we take judicial notice of the fact that the defendant was transferred from the juvenile court to the circuit court for criminal prosecution as an adult on June 30, 1978. Walker v. State, 365 So.2d 668 (Ala. 1978).
In reviewing the defendant's 1979 conviction, this Court found no error in the admission of his confession:
 "The confession of the seventeen year old defendant was properly admitted in evidence after the State proved the usual voluntariness and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), predicate and, additionally, that the defendant had been advised by counsel before the statement was made. Alabama Code 1975, Section 12-15-67. When a conflict occurs in the evidence with respect to the voluntariness of a confession, and the trial judge finds that the confession was voluntary, great weight must be given his judgment. His finding will not be disturbed on appeal unless this Court is convinced that the conclusion is palpably contrary to the weight of the evidence. Thompson v. State, 347 So.2d 1371, 1375 (Ala.Cr.App.), cert. denied, 347 So.2d 1377 (Ala. 1977). We find no error in the admission of the confession into evidence." Walker, 386 So.2d at 764.
Our review of the totality of the circumstances surrounding the defendant's confession based on the testimony presented at the 1988 trial convinces us that there was no error in the admission of the confession. "Absent clear error, the [circuit] court's credibility choices at suppression hearings are binding on this court." United States v. Aldridge, 719 F.2d 368, 373
(11th Cir. 1983). The trial judge's finding that a confession is voluntary "will not be disturbed on appeal unless it is evident that the determination was palpably contrary to the weight of the evidence." Ex parte Singleton, 465 So.2d 443, 445
(Ala. 1985). Here, there is sufficient evidence to support the trial judge's finding of voluntariness. Williams v. State,461 So.2d 834, 838 (Ala.Cr.App. 1983), reversed on other grounds,461 So.2d 852 (Ala. 1984).
Review convinces this Court that the defendant received a fair trial. Therefore, his conviction is affirmed.
AFFIRMED.
All Judges concur. *Page 914