The appellant, Anthony Ray Thompson, was convicted of robbery in the first degree and was sentenced as a habitual offender to life imprisonment without possibility of parole. On this appeal of that conviction, he raises five issues.
 I
The appellant claims that his arrest was not based on probable cause and that his confession obtained as a result of that arrest was inadmissible. This issue was not presented in a timely manner at trial and it has, therefore, not been preserved for review.
The appellant filed a pretrial "Motion for the Exclusion of Involuntary Admissions and Confessions," CR. 29, and a motion to suppress his statements, CR. 33, both of which were based solely on the ground that his confession was involuntary. No additional grounds of objection to the admissibility of the confession were raised. The contention that the confession was the product of an illegal arrest was not presented. At trial, the court held a hearing, out of the presence of the jury, on the voluntariness issue and ruled against the appellant.
After the State had rested its case, the appellant moved for a directed verdict of acquittal and only at that time did he raise the ground that "the arrest was illegal and the evidence that was found is the fruit of the poisonous tree and should be excluded." R. 200. Responding to the State's contention that the trial court "had already ruled on that," defense counsel replied,
 "The Court ruled on the issue of the . . . voluntariness of the statement, but did not rule on the issue of the arrest. There's been no motion made concerning the arrest at all. This is the first time. We are moving to exclude the State's evidence based on an illegal arrest.
 "[Assistant district attorney]: Then, Your Honor, I'll respond [that] his argument is too late. The evidence is already in." R. 201 (emphasis added).
The trial court then overruled the motion for directed verdict without further comment.
We agree with the assistant district attorney that the appellant's argument was "too late." The assignment of specific grounds for excluding the confession waived all other grounds not specified. See Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987). "Absent a timely objection or motion to suppress at trial, this court may not consider these issues [whether there was probable cause for the issuance of a search warrant] on appeal." Newsome v. *Page 478 State, 570 So.2d 703, 716 (Ala.Cr.App. 1989) (emphasis added).
The reason for the requirement of a timely objection is apparent. Here, the State was put on notice that the appellant challenged the admissibility of his confession only on the basis that it was involuntary, not that it flowed from an illegal arrest. Unaware that the legality of the arrest would be contested, the State understandably did not present evidence to counter all possible arguments that could be advanced against the propriety of the appellant's being taken into custody.
 II
The appellant argues that his confession was induced by the promise of lighter treatment for his sister and brother-in-law, as well as by the payment to him of $20 by Decatur Police Officer Steve Condo.
Although a promise of leniency or reward undermines the voluntariness of a confession, see Holmes v. State,598 So.2d 24 (Ala.Cr.App. 1992); Campbell v. State, 574 So.2d 937
(Ala.Cr.App. 1990), when the evidence regarding whether a promise was made is in conflict, the trial court must make a credibility determination. "Absent clear error, the [circuit] court's credibility choices at suppression hearings are binding on this court." Walker v. State, 551 So.2d 449, 451
(Ala.Cr.App. 1989). The standard on review of conflicting evidence at a motion to suppress a confession is whether the trial court's finding was "manifestly contrary to the great weight of the evidence." Ex parte Matthews, 601 So.2d 52
(Ala. 1992), cert. denied, ___ U.S. ___, 112 S.Ct. 2996,120 L.Ed.2d 872 (1992). See also Ex parte Singleton, 465 So.2d 443,445 (Ala. 1985) (whether the finding was "palpably contrary to the weight of the evidence").
The trial court's voluntariness determination here was supported by the evidence. Officer Condo testified that he did not promise the appellant anything, including "any kind of better deal for his sister and brother-in-law if [the appellant would] talk." R. 145. Instead, the appellant began the conversation by saying that "he wanted to clear it up . . . that his sister and brother-in-law really didn't have anything to do with [the robbery] and he didn't want to get them involved." Id.
The cashier at Bud's convenience store reported that only small bills, in denominations of ones and fives, were taken in the robbery. There were no twenty-dollar bills stolen. R. 86-87. When the appellant was brought to the police station, he had several one-dollar and five-dollar bills, as well as a twenty-dollar bill, on his person. Officer Condo returned the twenty-dollar bill to the appellant because he "knew that the twenty was not reported having been stolen or taken in the robbery. [He] knew the fives and ones had, and [the appellant] said it was his twenty dollar bill." R. 160. Furthermore, Condo testified that he returned the money to the appellantafter the appellant had already confessed. Under those circumstances, the payment could not have induced the appellant to talk. See Stewart v. State, 562 So.2d 1365, 1372-73
(Ala.Cr.App. 1989).
 III
After a veniremember has been challenged for cause, there is no requirement that the trial court "even up" the number of veniremembers on the strike list so that the State and the defense have the same number of peremptory strikes. As long as the number of potential jurors in a noncapital felony prosecution does not fall below 24, see Rule 18.4(f)(1)(ii), A.R.Crim.P., it is not necessary that each side have an equal number of strikes. See Steeley v. City of Gadsden,533 So.2d 671, 675 (Ala.Cr.App. 1988); Moore v. State, 488 So.2d 27, 32
(Ala.Cr.App. 1986); Brooks v. State, 471 So.2d 507, 509
(Ala.Cr.App. 1984); Coon v. State, 431 So.2d 569, 573
(Ala.Cr.App. 1982) (construing Ala. Code 1975, § 12-16-100, prior to adoption of criminal procedure rules). See also Hagood v.State, 588 So.2d 526, 531 (Ala.Cr.App. 1991) (construing Rule 15.4(h), A.R.Crim.P.Temp.), cert. denied, ___ U.S. ___,112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). *Page 479 
 IV
The appellant's argument that the State failed to notify him of the prior convictions upon which it intended to rely at sentencing is without merit.
The appellant was sentenced immediately after the jury returned its verdict on February 27, 1992. The record contains a motion by the State for habitual offender sentencing which bears the following handwritten notation: "filed in court 2-27-92, R.W. Slate, Circuit Judge." CR. 56. That motion lists the following three felonies of which it alleged the appellant had been convicted:
 "Morgan County CC-81-76P Burglary 12/13/83 Morgan County CC-82-591 Theft II 2/25/85 Morgan County CC-84-152 Escape III 2/25/85"
The appellant's failure to object to the adequacy or timeliness of the notice precludes consideration of these issues on appeal. Harrell v. State, 555 So.2d 257, 262
(Ala.Cr.App.), affirmed, 555 So.2d 263 (Ala. 1989). Moreover, because the appellant admitted at trial that he had been previously convicted of these same three prior felonies, R. 205-06, the State was not required to give him any notice.Connolly v. State, 602 So.2d 452, 454 (Ala. 1992) ("[t]he notice requirement is eliminated when during the trial the defendant admits the previous felony conviction[s]").
The appellant also claims that the State failed to prove that he had been previously convicted of any prior felonies. This issue was not raised at trial and has not been preserved for review. Faircloth v. State, 471 So.2d 485, 493
(Ala.Cr.App. 1984), affirmed, 471 So.2d 493 (Ala. 1985). Moreover, when the defendant admits the prior convictions at sentencing that admission dispenses with the need for proof by the State. Faircloth v. State, 471 So.2d at 493 (when court asked, at sentencing, "Do either of you contest these prior convictions?" the defendant's response, in the presence of his counsel, "No, sir," constituted a waiver of the State's burden of proving the prior convictions).
Although the appellant argues that his response to the trial court was ambiguous, and that he did not admit the prior convictions at sentencing, it is clear from a reading of the sentencing proceedings in this case that the appellant did make such an admission and that he thereby dispensed with the need for proof by the State. The following occurred at sentencing:
"THE COURT: Are ya'll ready for sentencing?
"[Defense counsel]: Yes, sir.
 "[Assistant district attorney]: Yes, sir. We'd file a petition in this case to have him treated as an Habitual Offender, your Honor. I think he admitted on the stand that he has three prior convictions.
"THE COURT: All right.
 "[Assistant district attorney]: The record does reflect that he was represented by an attorney in each case —
"THE COURT: Okay.
 "[Assistant district attorney]: — and as a matter of fact, they were all before your Honor.
 "THE COURT: All right. Does he deny or confess these prior convictions?
"[The appellant]: Yes, sir.
 "THE COURT: All right. These are — he was represented by a lawyer in each case?
 "[Assistant district attorney]: Yes, sir, that's what the file indicates.
"THE COURT: These are all from this circuit?
 "[Assistant district attorney]: Yes, sir. You were the judge in each one.
"THE COURT: Okay.
 "[Defense counsel]: Judge, I'd like to ask some questions." R. 263-64.
Defense counsel then questioned the appellant about whether he was satisfied with defense counsel's representation in the *Page 480 
case. Defense counsel asked no questions about sentencing. The following then occurred:
 "THE COURT: All right. I show the H.O. petition granted. Are you ready for sentencing at this time, [defense counsel]?
"[Defense counsel]: Yes, sir.
 "THE COURT: Mr. Thompson, do you know of any reason why sentence should not be pronounced at this time?
"[The appellant]: No, sir, your Honor.
 "THE COURT: Do you understand what the sentence in this case is? Must be?
"[The appellant]: Yes, sir.
"THE COURT: No discretion?
"[The appellant]: Yes, sir.
"THE COURT: Was that explained to you?
"[The appellant]: Yes, sir.
 "THE COURT: Do you have anything you want to say before I sentence you?
"[The appellant]: No, sir.
 "THE COURT: As I understand the law under our Habitual Offender Act passed by our Legislature, three prior felony convictions and upon the — your conviction in this case which is [a Class] A felony, robbery in the first degree, the only sentence that I can pronounce in this case is life in prison without parole; do you understand that?
"[The appellant]: Yes, sir." R. 267-68.
 V
The appellant insists that the jury verdict was contrary to the great weight of evidence that he was too intoxicated to form the intent to commit the offense of robbery.
The appellant admitted at trial that he entered Bud's convenience store with a loaded gun, drew the weapon, demanded and received money from the cashier, and backed out of the store with the gun still drawn. He claimed that he had consumed about four pints of vodka and "was not in his right mind" at the time. R. 209-10. Although the appellant's testimony that he was intoxicated was corroborated by his mother, grandmother, and Officer Condo, who declined to take a statement from him until he sobered up the next day, R. 149, the cashier at the convenience store testified that the appellant had no difficulty walking or talking, R. 94, and that his eyes did not appear "glossy or glazed," R. 100. There was evidence from which the jury could have inferred that the appellant was not as intoxicated at the time he entered the convenience store as he was over two hours later when he first encountered Officer Condo. In any event, the disputed evidence presented a question for the jury, whose verdict we will not overturn.
 "We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. E.g., Franklin v. State, 405 So.2d 963, 964 (Ala.Cr.App.), cert. denied, 405 So.2d 966 (Ala. 1981); Crumpton v. State, 402 So.2d 1081, 1085 (Ala.Cr.App.), cert. denied, 402 So.2d 1088 (Ala. 1981); Nobis v. State, 401 So.2d 191, 198 (Ala.Cr.App.), cert. denied, 401 So.2d 204
(Ala. 1981). ' "[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine." ' Harris v. State, 513 So.2d 79, 81 (Ala.Cr.App. 1987) (quoting Byrd v. State, 24 Ala. App. 451, 136 So. 431
(1931)). In this case the conflicting evidence offered by the state and by [the defendant] simply presented a jury question, Gunn v. State, 387 So.2d 280, 282 (Ala.Cr.App.), cert. denied, 387 So.2d 283
(Ala. 1980), and the verdicts rendered thereon are conclusive on appeal, Roberson v. State, 162 Ala. 30, 32, 50 So. 345, 346 (1909); Bragg v. State, 518 So.2d 847, 849 (Ala.Cr.App. 1987)."
Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App. 1989).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 481