McMillan, judge.
The appellant, Anthony Ray Thompson, appeals from the trial court’s denial of his Rule 32, Ala.R.Crim.P., petition. The trial court did not hold an evidentiary hearing. The appellant had been convicted of robbery in the first degree and was sentenced to life in the penitentiary without the possibility of parole. His sole argument on this appeal from the denial of his Rule 32 petition is that he was denied his constitutional right to effective assistance of counsel because, he says, his trial counsel failed to timely object to the admission of certain evidence that was seized as a result of, he says, an illegal arrest.
The evidence at trial tended to show that early in the morning of February 1, 1988, while on patrol, Officer Ron Merkh of the Hartselle Police Department received information from the Decatur Police Department that an armed robbery had just occurred, including a description of the vehicle and person involved. A short time later, while patrolling the streets of Hartselle, Officer Merkh saw two men walking on the side of the road. Because it was a residential area and was 1:25 A.M., Officer Merkh decided to find out what they were doing. Although the appellant gave a name other than Anthony Ray Thompson, the two men were later identified as the appellant and Eric Champion. According to Officer Merkh, the appellant appeared to have been drinking, but he did not appear intoxicated; he was not staggering, and his speech was not slurred. The two men told the officer that they were on their way to a bootlegger.
Officer Merkh thought that he recognized the appellant as someone the Hartselle Police Department had a warrant for, so he asked another officer to go back to the office, and get the picture and the warrant to compare the appellant to the warrant. The record does not specify what crime the warrant was for, but it was unrelated to the robbery in Decatur. After the other officer returned with the warrant and the picture, Officer Merkh insisted that the appellant was the person named in the warrant; the appellant denied that he was that person. Furthermore, Officer Merkh began to suspect that the appellant “fit somewhat the description” given by the Decatur Police Department of the person involved in the robbery in Decatur. Therefore, Officer Merkh decided to take the appellant back to his sister’s house. Upon arriving at the appellant’s sister’s house, Officer Merkh saw a vehicle matching the description of the vehicle mentioned in the bulletin given regarding the Decatur robbery. According to Officer Merkh, “At that point in time, .1 felt pretty sure that he was the one involved.” At this point, he told the appellant that he would take him down to the office and try to resolve the question that he still had about whether he was the person' listed in the warrant issued by the Hartselle Police Department. As it later turned out, the Hartselle Police Department warrant was not for the appellant, but might have been for his brother. On cross-examination, Officer Merkh admitted that the real reason he took the appellant to the Hartselle Police Department was because he looked like the person described in the bulletin from the Decatur Police Department regarding the robbery in Decatur. Officer Merkh made the decision to take the appellant to the police station once he arrived at the appellant’s sister’s house and saw the vehicle that matched the description of the vehicle involved in the robbery.
While he was at the Hartselle Police Department, the appellant was questioned by Office]' Howard Godbee after he signed a waiver of rights form. When he asked the appellant to empty his pockets, Officer God-bee found a gun matching the description of the one in the robbery and cash that matched the total amount taken in the robbery, as well as the number of bills and denominations. Subsequently, the appellant gave a statement to the police.
At the appellant’s trial, Donna Cannon testified that she was the only person working at Bud’s convenience store in Decatur during the evening hours of January 31, 1988, and the early morning hours of February 1, 1988. According to Ms. Cannon, a man identified by her at trial as the appellant entered the store and said that he wanted a couple of dollars worth of gas. The man then pulled a pistol from his waistband and ordered Ms. Cannon to give him all the *64 money in the cash register. Ms. Cannon complied, giving him approximately $50 in cash. The man then left the store and entered a station wagon, where other people were waiting. The station wagon drove away. The appellant testified at trial that he did rob Bud’s convenience store but raised the defense of intoxication.
The appellant contends that his conviction must be reversed because, he says, he was denied effective assistance of counsel when his trial attorney failed to object to the admission into evidence of the gun, the money, and his statement to the police on the grounds that this evidence was the result of an illegal arrest. However, when his Rule 32 petition was under consideration at the trial level, the appellant objected specifically only to the admission of his confession into evidence. Because the issue of trial counsel’s failure to object to the admission of all of the other evidence resulting from the arrest, including the gun and the money, was raised for the first time in this appeal, the trial court has not had the opportunity to rule on it. “The statement of specific grounds of objection waives all grounds not specified and the trial court will not be put in error on grounds not assigned at trial.” Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). Therefore, the only issue preserved for review is whether the failure to object to the admission of appellant’s confession constituted ineffective assistance.
The United States Supreme Court defined the standard for evaluating claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to be ineffective, counsel’s conduct must be both deficient and prejudicial to the defendant. Humphrey v. State, 605 So.2d 848, 848 (Ala.Cr.App.1992). To show such prejudice, the appellant must show:
“That there is a reasonable probability that, but for counsel’s unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The appellant must show more than that trial counsel’s mistakes merely “had some conceivable effect on the outcome of the proceeding.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2067.
Although the appellant’s trial counsel did object during the appellant’s trial to the vol-untariness of the confession, as this Court held in the appellant’s direct appeal of his conviction, he did not make a timely objection on the ground that the confession was the product of an illegal arrest. Thompson v. State, 611 So.2d 476 (Ala.Cr.App.1992). Even if the failure to timely object constituted deficient performance, a reversal of the appellant’s conviction is required only if the error prejudiced the defendant, such that there is a reasonable probability that the outcome of the trial would have been different had trial counsel made a timely objection.
Officer Merkh’s initial questioning of the appellant and Champion when they were walking down the road was a simple Terry stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At first, he simply asked for identification and what they were doing walking in a residential area at such a late hour. This exchange was consensual and involved no restraint of liberty; thus it was proper. Brannon v. State, 549 So.2d 532, 537 (Ala.Cr.App.1989).
During his exchange with the appellant, however, Officer Merkh began to suspect that the appellant was the person named in the Hartselle Police Department’s warrant and later he suspected the appellant was the robbery suspect. According to this Court in Glasco v. State, 513 So.2d 54, 60 (Ala.Cr.App.1987):
“ ‘A law enforcement officer may have probable cause for a warrantless arrest based on the identification or description of the suspect or his motor vehicle without knowing the [identity] of the person to be arrested.’ ”
(Quoting Traylor v. State, 439 So.2d 178, 181-82 (Ala.Cr.App.1983).)
The appellant, whom the officer believed to have been drinking, was not arrested until he had been taken, without handcuffs and in the front seat of the officer’s car, to his sister’s *65 house, and after Officer Merkh had seen the car. See Ex parte Dixon, 588 So.2d 903 (Ala.1991).
Moreover, even if the arrest had been illegal, in the present case, the error would have been harmless. Howard v. State, 586 So.2d 289, 292 (Ala.Cr.App.1991); Ex parte Dixon, supra. When reviewing the remainder of the evidence against the appellant in this case, it becomes clear that the erroneous admission of the confession into evidence was harmless beyond a reasonable doubt. The appellant’s testimony at trial, that he robbed the store but was intoxicated, alone could establish such a finding. This Court held in Fuller v. State, 620 So.2d 669, 672 (Ala.Cr.App.1991), “Any error in regard to the admission of a confession is rendered harmless where the confession was substantially the same as the appellant’s testimony.” Furthermore, the cashier/clerk gave eyewitness testimony identifying the appellant as the robber; a gun like the one used in the robbery was found on the appellant; and cash was found on the appellant consistent in amount, number of bills, and denominations to the cash taken in the robbery. We find that the improper admission of the appellant’s confession into evidence was harmless. Therefore, this case it due to be, and is hereby, affirmed.
AFFIRMED.
All judges concur.